BOSTON INDIA RUBBER COMPANY *vs.* ARCHIBALD HOYT.

It was agreed between A. and B. that if A. would, at his own expense, complete a certain machine which he had projected, and satisfy B., by trial thereof, that it would save one fourth, or more, of the expense then incurred by B. in a certain manufacturing process, B. would pay A. twelve per cent. on the actual savings made by said machine. A. built the machine in B.'s warehouse ; but B. in fact paid all the expenses of building it, including the labor of A. thereon. B. used the machine, and the savings made by the use thereof more than repaid him the expense of constructing it. *Held*, that the machine was the property of B.

TRESPASS for taking and carrying away a machine for dissolving, grinding, and applying India rubber to cloth. At the trial before *Wilde*, J. the only question was, whether the machine was the property of the plaintiffs or of the defendant. The contract in the margin * was relied on by both parties.

* The Boston India Rubber Factory, by their president, does propose to Archibald Hoyt, that if he will, upon his own expense, complete his contemplated machine for dissolving, grinding, and applying India rubber to cloth, and such other materials as said Factory shall apply rubber [to], that whenever said Hoyt shall have fully demonstrated or satisfied the directors of said Factory that his macnine or principle will actually save to said Factory one quarter part or more of the expense, to which said Factory is now subjected by dissolving, grinding, and applying rubber to cloth, in the manner said Factory now does it, with the present help or the cheapest help said Factory can hire to do it, in the manner it is now done ; and the said Factory will state the price they can hire for, and the expense they are then at, in dissolving, grinding, and applying rubber to cloth, in their present manner of doing it  After the said Factory have devised the most saving method of dissolving, grinding, and applying rubber in their present manner of doing it, which they can devise, then said Factory propose to pay said Hoyt, his heirs or assigns, twelve per cent. on what his machine does actually save to said Factory, (after his present model and a new machine shall all be paid for, by said Factory, from the savings to said Factory,) from their

The plaintiffs proved that they paid all the expense of building said machine ; that it was built in their warehouse ; and that the defendant had recovered and received of them more than $ 170 for his labor in building it. It was not denied by the plaintiffs, that the savings of said machine had more than repaid to them the expense of constructing it.

The judge instructed the jury that by the true construction of the contract, the machine was the property of the plaintiffs, and as the defendant admitted that he took and carried it away, the verdict must be against him for damages. The jury returned a verdict accordingly, and the defendant's counsel excepted to this instruction.

*Buttrick*, for the defendant.

*Bolles*, for the plaintiffs.

SHAW, C. J. It is extremely difficult to put any sensible construction upon the very obscure and complicated contract, upon which the question in this action depends. That question is, which of these parties was the owner of the machine, for the taking of which by the defendant this action of trespass *de bonis asportatis* is brought.

The subject of the action was a newly invented machine, of which the defendant was the inventor, for preparing India rubber

---

present manner and present price of doing it. And whenever said Factory shall discover any other principle, cheaper than the present one, they shall state what that will cost them. Then said Factory will pay said Hoyt, his heirs or assigns, twelve per cent. on what his machine actually does save to said Factory from the last principle or manner of doing it. And the twelve per cent. on all the savings shall be paid to said Hoyt, his heirs or assigns, quarterly, so long as said Hoyt's machine shall continue to save to said Factory, and no longer, provided said Factory shall not claim said Hoyt's machine or principle as their discovery, unless his machine or principle becomes generally known and they can obtain it, or the like, from others, then said per centage to said Hoyt shall cease. Provided, however, said Factory do not make it (said Hoyt's machine) known themselves, in order to be able to obtain it from others ; nor shall said Hoyt make it known, directly nor indirectly. And said Factory propose to give said Hoyt two dollars and fifty cents per day, as long as he shall be employed by them

EZRA EATON, *President.*

ARCHIBALD HOYT

Signed interchangeably this 2d day of April, 1836, in presence of N. P. MANN.

and applying it to cloth. It was built in the plaintiffs' warehouse, and was in their possession when it was taken by the defendant. The facts tend to show that both parties had such a qualified and mixed possession, that the decision in the present case must follow the right of property. And to determine this, both parties appeal to the contract. This contract consists of a proposal made by the president of the company to Hoyt, and assented to by him, by signing his name to the proposal.

It appears that this was the first machine, built upon the principle of the defendant's invention. It is spoken of as a contemplated machine, and all the offers of the company are based upon the condition, that the machine shall be tested and found useful on trial. The proposal is, that he will, upon his own ex pense, complete his contemplated machine. Hence it is argued, that if built at his expense, it was to be his property, when built ; and this would be a fair inference if it stopped here, and he had built it at his own expense, according to the proposal. The object of this proposal, we think, was this ; it was to be built at his risk, because it might, on being tested, prove worthless, and then the company would have no savings, from the use of it, out of which to reimburse its cost ; and in that event, the company would neither pay for it, nor own it. But in a subsequent part of the proposal, after a great many obscure details as to the manner of comparing the results of the operation of this machine, in point of economy, with other methods of performing the same work, they propose to pay him a certain *percentage* of what his machine does actually save to said Factory, (after his present model and a new machine shall all be paid for, by said Factory, from the savings to said Factory,) &c. Now the construction we put upon it is this. It was first to be built at his expense, because it might be useless and make no savings. If they in fact made advances for labor and materials for it, these were to be a charge to him. But if, when built and put into operation, it made a saving, the whole of that saving was to be applied by the company to pay for the cost of the machine ; that is, in the case supposed, to repay the expense which Hoyt would have been at in building it. But these savings were part of the earnings and

profits of the company, independent of any agreement, and there-fore when the machine was paid for by them, out of their own profits, the property in the machine, thus paid for by them, must be understood to be in them. It was only after the machine was paid for and become theirs, that he was to receive a certain percentage of the savings to the company from the use of the machine.

Now there are two views, in which the subject of property in this machine may be considered. The case shows that in fact the machine was built at the expense of the company, that they paid for the labor and materials, and even paid the defendant for his own labor upon it. If this was paid by them, and not charged to the defendant, then it would show, that that part of the agreement was not complied with by Hoyt ; that it was not built at his expense ; and that the property of the machine was in the company as builders.

But, suppose these advances for labor and materials were charged to the defendant ; then, it being conceded by both par-ties, that the savings of the machine had more than repaid the plaintiffs all its expenses, it is only to set their savings against those charges, and the cost of the machine will prove to have been paid for by the company, and then the machine was theirs. Whatever other mutual claims there may be between them, is im-material to this action, which is trespass *de bonis asportatis*, and must depend on the question, who was the owner of this machine at the time of the alleged taking. In any view of the case, we think it was originally or had become the property of the plaintiffs, that the right of possession and the right of property concurred, and that the verdict for the plaintiffs was right.

*Judgment on the verdict.*